JACOB SHISHA
TABAK, MELLUSI & SHISHA, LLP
29 Broadway, Suite 2400
New York, NY 10006
Tel: (212) 962-1590
Fax: (212) 385-0920

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHERINE E. LIVI ) <br><br> Plaintiff, ) <br><br> V ) <br> CHESAPEAKE CREWING, LLC, ) <br> SCHUYLER LINE NAVIGATION ) <br> COMPANY, LLC, NORD GOODWILL, LLC ) <br> and the M/V SLNC GOODWILL her engines, ) <br> tackle, gear, appurtenance etc. *in rem* ) <br> ) <br> ) <br> Defendants. ) | Case No. 24 CIV <br><br> COMPLAINT <br><br> **PLAINTIFF DEMANDS TRIAL BY JURY** |

### SEAMAN'S ACTION UNDER SPECIAL RULE ALLOWING FILING WITHOUT PREPAYMENT OF FEES AND COSTS

Plaintiff, **Catherine E. Livi,** for her complaint against defendants alleges upon

information and belief:

### Jurisdiction and Venue

1.  Plaintiff, a merchant seaman, brings her claims under 28 USC §1331, pursuant to the

Jones Act 46 USC §10304 *et. seq.*; and under 28 USC §1333, admiralty and general maritime

law pursuant to the doctrines of unseaworthiness and maintenance and cure.

2.  Personal jurisdiction exists and has been consented to over the defendants and the MV

SLNC GOODWILL, by defendants agreeing to appear on  behalf of the vessel and her

owner(s)/operators in the U.S. District Court for the Southern District of New York, in lieu of Plaintiff arresting the MV SLNC GOODWILL.

**The Parties**

3.   Defendant Chesapeake Crewing LLC ("Chesapeake") is a limited liability company, subject to this Court's personal jurisdiction.

4.   At all relevant times Chesapeake was the bareboat charterer of the MV SLNC GOODWILL.

5.   At all relevant times Chesapeake was the owner or owner *pro hac vice* of the MV SLNC GOODWILL.

6.   At all relevant times Chesapeake was the operator of the MV SLNC GOODWILL.

7.   At all relevant times Chesapeake managed and controlled the MV SLNC GOODWILL.

8.   At all relevant times Chesapeake hired the crew of the MV SLNC GOODWILL and was their employer.

9.   At all relevant times Chesapeake was Plaintiff's employer within the meaning of the Jones Act.

10.  Defendant, Schuyler Line Navigation Company, LLC ("SLNC"), is a limited liability company subject to this Court's personal jurisdiction.

11.  At all relevant times SLNC was the bareboat charterer of the MV SLNC GOODWILL.

12.  At all relevant times SLNC was the owner or owner *pro hac vice* of the MV SLNC GOODWILL.

13.  At all relevant times SLNC was the operator of the MV SLNC GOODWILL.

14.  At all relevant times SLNC managed and controlled the MV SLNC GOODWILL.

15.  At all relevant times SLNC was Plaintiff's employer within the meaning of the Jones

Act.

16.  At all relevant times Nord Goodwill, LLC ("Nord") was a limited liability company

subject to the Court's personal jurisdiction.

17.  At all relevant times Nord was the owner or owner *pro hac vice* of the MV SLNC

GOODWILL.

18.  At all relevant times Nord was the registered owner of the MV SLNC GOODWILL.

19.  At all relevant times Nord was the operator of the MV SLNC GOODWILL.

20.  At all relevant times Nord managed and controlled the MV SLNC GOODWILL.

21.  At all relevant times Nord was Plaintiff's employer within the meaning of the Jones Act.

22.  The MV SLNC GOODWILL is a U.S. flagged tanker USCG Official number 1266919.

23.  MV SLNC GOODWILL is now or is expected to be within the jurisdiction of this Court

during the pendency of this suit.

### First Cause of Action Jones Act Negligence and Unseaworthiness

24.  On October 23, 2022, Plaintiff was employed as the second mate aboard the SLNC

GOODWILL, which was preparing to depart Guam.  At about 08:45 Plaintiff was walking

towards her unmooring station, at the bow, when one of her superiors ordered her to check

that the No. 1 port and starboard ballast tank lids were in the open position.

25.   Unbeknownst to Plaintiff, the deck plate that covers the access port to the vessel's

forepeak had been removed to air out the forepeak so that a malfunctioning level indicator

could be repaired.

26.  No one was stationed near the opening nor were barriers or guards placed around the deck

openings to prevent personnel from falling into the forepeak.

27.  The missing flat plate was not visible to Plaintiff and as she walked by, she fell into the

open access port down into the forepeak, landing about 18 feet down in the tank.

28.  Plaintiff was able to climb up the ladder in the forepeak out of the tank and onto the deck, where she lost consciousness.  She was found by the vessel's chief mate, unconscious laying on the deck bleeding from her head.

29.   The defendants were negligent in:

    a.   Removing a deck plate without having someone standing by the opening.

    b.   Removing a deck plate without placing barriers around it.

    c.   Failure to have adequate nonskid on the deck.

    d.   Not advising Plaintiff that a deck plate was being removed.

    e.   Failure to use mechanisms to cover the deck plate opening while a tank was being aired out, such as open grate covers designed to allow the tanks to be vented while preventing anyone from falling in the tank, or placing a blower on top  of the tank.

    f.   Failure to conduct a risk analysis prior to removing the deck plate.

    g.   Heading out to sea with the forepeak deck plate off.

    h.   Failure to follow or have suitable SMS policies regarding protection from open deck plate hazards.

    i.   Other acts and omissions that will be developed in discovery.

30.   The acts, omissions and conditions listed above rendered the SLNC GOODWILL unseaworthy.   An unmarked, unmanned, unguarded and unbarricaded opening in the deck by definition makes a vessel not reasonably suited for its intended purpose, rendering the vessel unseaworthy.

31.   As a result of the negligence and the unseaworthiness aforesaid, Plaintiff suffered severe injuries and had to be hospitalized for 12 days in Guam.  Plaintiff sustained traumatic

brain injury, skull fracture, epidural hematoma, subgalea hematoma, transverse sinus, thrombus, cranial nerve palsy, pulmonary contusions, trace pneumothorax, traumatic pseudocyst, staph infection, permanent loss of taste and smell, partial hearing loss, injury to back and hip, fatigue, hyper sensitivity, and emotional trauma.

32. Plaintiff's injuries are permanent, and she has not reached maximum medical improvement with respect to her loss of smell, back and hip pain.

33.  Plaintiff has incurred loss of earnings, pain and suffering and will incur future loss of earnings/ earning potential, found; and will incur future medical expenses and pain and suffering in amount to be proven at trial.

**Second Cause of Action - Maintenance and Cure**

34.  Plaintiff repeats and realleges all of the foregoing paragraphs of the complaint numbered 1 through 33, inclusive with the same force and effect as if herein set forth at length.

35.  Defendants have the obligation to provide Plaintiff maintenance and cure until such time as she reaches maximum medical improvement.

36.  Plaintiff has not reached maximum improvement and Defendants are still liable for Plaintiff's maintenance and cure until she reaches maximum medical improvement.

**Third Cause of Action, In Rem Action against the M/V SLNC GOODWILL**

37.  Plaintiff restates and realleges each and every allegation contained in paragraphs 1 to 36 with the same force and effect as though set forth in length.

38.  The MV SLNC GOODWILL is presently located in or will be located in this District during the pendency of this suit and is or will be subject to the jurisdiction of this Honorable Court.

39.   By reason of the aforesaid, Plaintiff has a maritime lien against the SLNC GOODWILL

for all damages arising from personal injuries sustained aboard the vessel during

employment as a seaman in the amount to be proven at trial.

**WHEREFORE**, Plaintiff prays:

**a**) that judgment be entered against all Defendants sued i*n personam*, jointly and

severally in the on the first cause of action in the amount to be proven at trial and for

maintenance and cure on the second cause of action in an amount to be proven at trial.

**b**) that judgment be entered against the MV SLNC GOODWILL in *rem* , that process in

due form of law, according to the Federal Rules of Civil Procedure and Supplemental Rules for

Certain Admiralty and Maritime Claims, issue against the vessel her engines, tackle, apparel,

etc., *in rem*; citing all persons having or claiming any interest therein to appear and answer all

and singular, the matters aforesaid;

**c**) that Plaintiff's lien be declared a valid maritime lien upon the whole of the vessel, her

engines, apparel, appurtenances, tackles, etc., *in rem*; that after due proceedings be had, there be

judgment in favor of Plaintiff, and against the MV SLNC GOODWILL her engines, tackle,

apparel, appurtenances, etc.; *in rem*, for an amount proved, together with interest, costs, and

other damages as may be shown at trial;

**d**) that the MV SLNC GOODWILL be condemned and sold free and clear of all liens and

encumbrances to satisfy the judgment herein, that Plaintiff's maritime lien be recognized,

enforced, and paid by preference and priority over all other claimants and/or interveners herein.

**e)** That on all causes of action Plaintiff be awarded costs, prejudgment and post judgment

interest, and such other and further relief as justice may require.

TABAK, MELLUSI & SHISHA, LLP

By:_____
JACOB SHISHA
RALPH J. MELLUSI
29 Broadway, suite 2400
New York, New York 10006
(212) 962-1590
jshisha@sealawyers.com