**T A B A K , M E L L U S I & S H I S H A L L P**

**29 BROADWAY**
**SUITE 2400**
**NEW YORK, NEW YORK 10006**

TEL (212) 962-1590
TEL (800) 280-1590
FAX (212) 385-0920
www.sealawyers.com

RALPH J. MELLUSI
JACOB SHISHA*
*ALSO ADMITTED IN
NEW JERSEY AND

September 3, 2026

**VIA ECF**
Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Catherine Livi v. Schuyler Line Navigation Co.
SLNC Goodwill
Case No. 1:24-cv-07166 (JLR)
D/A: 10/23/22
<u>Our File No.: S2664.22</u>

Dear Judge Rochon:

We represent plaintiff Catherine Livi and respectfully move for an order permitting plaintiff's treating otolaryngologist, David Rosen, M.D., who practices in Philadelphia, to testify by video deposition in lieu of traveling to Manhattan to testify at trial. Dr. Rosen is located less than 100 miles from the Court, approximately 84 miles away. Plaintiff makes this motion pursuant to Fed. R. Civ. P. 32(a)(4)(E), because requiring Dr. Rosen to cancel a full day of appointments to travel to Manhattan to testify would cause hardship to Dr. Rosen, his patients, and his medical practice. Defendants object to our motion.

Plaintiff is a Jones Act seaman who sustained a head injury in a fall, resulting in permanent loss of her smell and taste. Dr. Rosen treated plaintiff's loss of smell with platelet-rich plasma therapy, which unfortunately was not successful. Dr. Rosen will provide both fact and expert testimony pursuant to Fed. R. Civ. P. 26(a)(2)(C) concerning his diagnosis, treatment, prognosis, and causation opinions regarding the injuries he treated.

As set forth in Dr. Rosen's declaration, attached as Exhibit 1, Dr. Rosen has a very busy medical practice in addition to his research responsibilities. His patients typically wait two to three months for an appointment, and some patients wait as long as six months. Traveling to Manhattan to testify would require him to cancel and reschedule a full day of appointments.

Some of the procedures Dr. Rosen performs require a series of appointments at set intervals. For example, the PRP treatment plaintiff received required three procedures, one month apart. Canceling appointments for patients who have already undergone one or two treatments and require follow-up treatment at specific intervals would be especially difficult.

Opposing counsel did not seek to depose Dr. Rosen. Plaintiff now seeks to take Dr. Rosen's testimony by de bene esse video deposition so that he need not travel to Manhattan for trial. Defendant objects because Dr. Rosen is, admittedly, located less than 100 miles from the Court.

Fed. R. Civ. P. 32(a)(4)(E) permits use of a deposition where, "on motion and notice," the Court finds that "exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used." Although live testimony is favored, courts in this District have permitted videotaped trial depositions where a treating physician has a demanding patient schedule and the deposition is taken by video for trial purposes. See *Rubel v. Eli Lilly & Co*., 160 F.R.D. 28 (S.D.N.Y. 1995); *Hague v. Celebrity Cruises, Inc.,* 2001 WL 546519 (S.D.N.Y.). The decision of whether to allow use of deposition is within the discretion of the trial court *Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990).

As the court recognized in *Hague*, courts are divided on whether a physician's responsibilities to patients, standing alone, constitute exceptional circumstances under Fed. R. Civ. P. 32(a)(4)(E). However, where the deposition is videotaped and the witness is questioned as at trial, the concerns weighing against use of deposition testimony are mitigated:

> "Videotaped testimony prepared specifically for use at trial mitigates the concerns militating against the use of depositions in lieu of live testimony. First, although the witness is not physically present in the courtroom, the jury has the opportunity to observe his manner and hear his voice during the testimony. Second, the witness is questioned just as he would be at trial by counsel for both sides." *Hague,* 2001 WL 546519, at p5–6.

In *Rubel*, the plaintiff sought to read the deposition testimony of a physician, Dr. Jackman, who was located within the Southern District of New York, because of his busy medical practice. Judge Kaplan noted that courts have permitted the use of physicians' depositions where the physicians were unable to attend trial due to heavy patient schedules, citing *Borchard v. United States*, 133 F.R.D. 547 (E.D. Wis. 1991), where the court permitted use of a physician's deposition because the cost of having the doctor testify live exceeded the cost of deposition testimony by $625 to $875, while the entire claim was only $12,402. Judge Kaplan further noted that Dr. Jackman's prior deposition had been a "discovery" deposition, during which opposing counsel typically do not attempt to undermine the witness's testimony, but instead commit the witness to a version of the facts, develop leads for cross-examination, and

reserve impeachment for trial. The court therefore denied the plaintiff's motion to use the discovery deposition but granted leave to depose Dr. Jackman by video for use at trial. Here, if the Court grants plaintiff's motion, Dr. Rosen will be deposed by video and examined as he would be at trial.

In *McDaniel v. BSN Med., Inc*., 2010 WL 2464970 (W.D. Ky.), the court, quoting *Hague*, permitted a physician who would have had to travel a distance similar to Dr. Rosen's travel distance to testify by deposition based on his busy schedule. In *Goldenson v. Steffens*, 2014 U.S. Dist. LEXIS 91517 (D. Me.), the court allowed video deposition testimony in lieu of live testimony for a psychiatrist with a busy schedule who was within 100 miles of the court. In *Buck v. Fairpoint Communications, Inc*., 2016 U.S. Dist. LEXIS 182405 (D. Vt.), the court held that a physician's professional responsibilities constituted "exceptional circumstances" and allowed deposition testimony[1].

Plaintiff recognizes that courts are divided on this issue. In *Steele v. Costco Wholesale Corp., 2005* WL 8156820 (E.D.N.Y.), the court denied the plaintiff's motion to take a video deposition of her doctor where no trial date had been set and counsel's affirmation merely stated that the doctor's schedule and availability prevented him from testifying at trial, without explaining why the doctor would not be available in the future. The doctor's letter, made part of the motion, likewise did not explain why he would not be available at a later date. The motion was denied without prejudice to renewal closer to trial. Here, by contrast, Dr. Rosen has explained why his unavailability is not limited to a particular date: his patients are normally scheduled two to three months in advance, some patients are scheduled six months in advance, and certain procedures must be performed at set intervals. These circumstances will continue to affect his availability in the future.

In *Angelo v. Armstrong World Industries, Inc*., 11 F.3d 957 (10th Cir. 1993), the Tenth Circuit upheld the trial judge's exclusion of a treating physician's deposition under Fed. R. Civ. P. 32(a)(3)(E)[2]. The plaintiff had subpoenaed the doctor, but the doctor testified only that he was "extremely busy" and did not explain why he could not attend the deposition. The court also noted that the doctor's office was close to the courthouse and that the court had offered to accommodate the doctor's schedule to allow him to testify at a more convenient time. Dr. Rosen, however, has explained why he cannot attend trial, and Philadelphia is not close to the Court.

In *Whitlock v. Allstate Fire & Casualty Insurance Co.,* 635 F. Supp. 3d 371 (E.D. Pa. 2022), the court acknowledged that courts are divided and held that having a full patient load did not constitute "exceptional circumstances," reasoning that similar contentions could apply to many

---

[1] Plaintiff's motion to allow deposition testimony was granted without prejudice; if circumstances changed, defendants could move for reconsideration.
[2] Now 32(a)(4)(E) with identical language

Honorable Jennifer L. Rochon
September 3, 2026

professions. The court also noted that the physicians had local offices in Philadelphia and had not been subpoenaed to appear at trial.

In *Rementer v. United States,* 2015 U.S. Dist. LEXIS 188083 (M.D. Fla.), a nonparty physician moved to be allowed to testify by deposition in lieu of live testimony in a bench trial. The defendant objected, arguing that the doctor's general contentions concerning a busy practice reflected inconvenience, not exceptional circumstances, and that taking his deposition might cause equal inconvenience. The court denied the motion but, indicated that it would take all reasonable efforts to accommodate the doctor's schedule, and stated that the motion could be renewed if circumstances changed.

Based on the hardship to Dr. Rosen, his patients and the nature of the proposed de bene esse video deposition with the safeguards associated with videotaped trial testimony, plaintiff respectfully submits that the requirements of Fed. R. Civ. P. 32(a)(4)(E) are satisfied and moves to permit Dr. Rosen to testify by video deposition, even though he is approximately 84 miles from the Court.

We thank the Court for its consideration.

Respectfully submitted,

TABAK, MELLUSI & SHISHA LLP

/s/*Jacob Shisha*

Jacob Shisha

JS/kf

The Court, having considered Plaintiff's letter motion and Defendants' opposition, *see* Dkt. 43, DENIES the motion. Rule 32 permits the use of a deposition in lieu of live trial testimony under "exceptional circumstances." Fed. R. Civ. P. 32(a)(4)(E). Dr. Rosen's busy practice is not an exceptional circumstance. Indeed, while Dr. Rosen represents that his patients typically "wait approximately two to three months to obtain an appointment," and some "as long as six months," Dkt. 43-1 ¶ 4, there is no trial scheduled in this matter, and neither Dr. Rosen nor Plaintiff has explained why Dr. Rosen cannot testify in person if given advanced notice of the trial date. *See, e.g.*, *Steele v. Costco Wholesale Corp.*, No. 03-cv-00713 (NG) (MDG), 2005 WL 8156820, at *1 (E.D.N.Y. Mar. 9, 2005) (denying Rule 32 motion where "no trial date has been set and [the doctor] . . . provide[d] no information whatsoever as to why he is unable to testify in the future" but rather "generally argue[d] that [his] scheduling and availability prevent[ed] him from testifying at trial" (alteration adopted) (citation omitted)); *Rubel v. Eli Lilly & Co.*, 160 F.R.D. 28, 29 (S.D.N.Y. 1995) (finding exceptional circumstances existed where doctor in four-physician practice was suddenly "handling the entire practice alone" given one colleague's retirement, the second's departure on maternity leave, and the third's hospitalization, all "[w]ithin the last two weeks"). The Clerk of Court is respectfully directed to terminate the motion at Dkt. 43.

Dated: September 8, 2026
New York, New York

**SO ORDERED.**

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**